Pratt, J.
This is an appeal from a decree entered at special term.
It seems that about the 1st of October, 1874, Catherine E. Bock and Charles J. Bock, her husband, for the sum of $3,500, conveyed to the plaintiff and to one Joseph Bellesheim the premises described in the complaint. The conveyance so made was subject to a mortgage of $3,000, and at the time of the execution of the deed to the plaintiff and to the said Joseph Bellesheim, the plaintiff paid one-half of the consideration money for the premises. Shortly after the delivery of the deed, the mortgage was paid in full by the plaintiff and said Bellesheim, each contributing and paying one-half thereof; and on the 11th of November, 1874, the mortgage was duly satisfied and discharged of record. Subsequently to the purchase, and about the 12th of June,1876, the plaintiff, at the request of the said Joseph Bellesheim, and as a matter of pure convenience, and without any consideration being paid therefor, executed and delivered to the aforesaid Joseph- Bellesheim a quit-claim deed of the premises referred to, in which deed the sum of $1,500 was expressed as the consideration for said conveyance.
As a matter of fact no part of the sum of $1,500 was ever paid or received. Notwithstanding the execution and delivery of the quit-claim deed referred to, the plaintiff and Joseph Bellesheim, as equal co-owners, continued in the possession of the premises referred to up to the time of Belleheim’s death, and during all that period they, together as co-owners and tenants in common, leased and let the same to a tenant by a lease prepared by Bellesheim himself, in which he and the plaintiff are named as parties of "the first part, and their tenants as parties of the second part, which lease was executed under the hands and seals of the plaintiff, and Bellesheim and their tenants; and, always, up to the death of Bollesheim, he (Bellesheim) fully and without question, recognized the plaintiff as an equal co-owner and tenant in common with himself in the premises, never questioned the plaintiff’s right thereto, and, from time to time, as occasion required, he called upon the plaintiff to bear and pay his half of the taxes imposed upon the property, and for the expenses attendant upon the holding of the same. •
On January 21, 1885, Bellesheim died intestate, leaving the defendant Anna Bellesheim, his widow, and the other defendants, his only children and heirs-at-law.
During Bellesheim’s life-time the property in question never was, nor is it now, incumbered by the mortgage.
*612 The property was purchased at a joint venture between the parties, and was in effect partnership property, and it-was not material in whose name the property stood, so long as the relation as to this property existed, whichever partner held the nominal title would be regarded as trustee of his co-owner.
This character was stamped upon the property when it was purchased by their joint funds and for their joint benefit, and whatever Was done subsequent to such purchase for the convenience of the parties in managing the property did not change its character or the relation of the parties. If that is true, and it seems to be the only theory consistent with all the facts, then the statutes in relation to resultant trusts has no application to the case.
The court below found, as matter of fact, “that it was not intended, either by plaintiff or Bellesheim, by the execution of the deed, that any estate or interest of the plaintiff should pass,” and such finding is amply sustained by the evidence. This view is corroborated by the further fact found that no consideration was ever paid for the conveyance, which was also justified by the proofs.
The presumption of payment of consideration, implied by the seal, is thus overcome, and the conveyance stands as a matter of convenience without, in.any manner, affecting the equitable title to the property.
The Statute of Limitations has no application. The relation of partners or joint owners of this land, as partnership property, continued up to the death of Bellesheim, from which time the statute would commence to run, after excluding eighteen months. Code of Civil Procedure, § 403.
The claim that the conveyance was made to hinder, delay and defraud creditors was made out.
Many exceptions were taken upon the trial, but they fail to point out any errors prejudicial to the defendants suffito warrant a reversal of the judgment. The decision was eminently just, and ought to be affirmed, with costs, and it-is so ordered.
Barnard, P. J., concurs; Dykman, J., not sitting.